OPINION
On March 12, 1996, appellee, Paul Giamourides dba Paul's Home Improvement, filed a complaint against appellants, Xenophon Kalorides, Eleftheria Kalorides and Charter One Bank, for breach of a construction contract. The case was referred to arbitration.
An arbitration hearing before the Honorable James Unger (retired) commenced on January 9, 1997. By arbitration report and award filed February 7, 1997, the arbitrator found in favor of appellee in the amount of $11,535.51.
On February 18, 1997, appellants filed a notice of appeal with the trial court. By judgment entry filed March 6, 1997, the trial court dismissed the appeal for being untimely filed.
Appellants filed a notice of appeal to this court on April 4, 1997. By opinion filed July 28, 1997, this court reversed and remanded the case for reevaluation of the timeliness of appellants' notice of appeal. See, Giamourides v. Kalorides (July 28, 1997), Stark App. No. 1997CA00112, unreported. Upon remand, the trial court reentered its prior dismissal of appellants' notice of appeal by judgment entry filed September 8, 1997.
Appellants filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED BY DISMISSING APPELLANTS' NOTICE OF APPEAL TO THE TRIAL COURT FROM THE ARBITRATOR'S DECISION ON THE GROUNDS THAT THE APPELLANTS' WERE REQUIRED TO PAY FEES IN EXCESS OF THE $250.00 FILING FEE AND THE APPELLEE'S SHARE OF THE ARBITRATOR'S FEE UNDER STARK COUNTY LOCAL RULE 16.11.
 I
Appellants claim the trial court erred in dismissing their arbitration appeal for failure to comply with Loc.R. 16.11 of the Court of Common Pleas of Stark County, General Division. We agree.
In our previous opinion (Case No. 1997CA00112), we remanded the case to the trial court with the following instructions:
 Accordingly, we reverse the trial court's dismissal of appellants' appeal and remand the case to the trial court with instructions to determine if, and when, appellants paid appellee's share of the arbitrator's fee to either the clerk, appellee or his counsel, or directly to the arbitrator. If said payment was made within thirty (30) days after the filing of the arbitrator's award, the trial court is instructed to proceed to hear appellants' appeal. If said payment was not made within the thirty (30) days, the trial court is instructed to re-enter its dismissal of appellants' appeal.
Pursuant to this remand, evidence in the form of a check for $360 (Plaintiff's Exhibit B) was presented to the trial court. The check was sent to the arbitrator within thirty days from February 7, 1997 (February 28, 1997), accompanied with the following letter (Plaintiff's Exhibit A) from appellants' counsel:
 As you may know, my clients have appealed your decision to the Stark County Court of Common Pleas. I have enclosed a check in the amount of $360.00 to cover the Appellee's share of your arbitrator's fees, as required by Stark County Local Rule 16.11 (E).
The arbitrator accepted this tender but noted it would not be applied to appellee's arbitration fee (Plaintiff Exhibit C):
 Thank you for your letter and check for $360.00. Also, you sent me a pre-hearing check for $90.00. Thus, you have sent me a total of $450.00. Mr. Gaitanos has sent me a total of $360.00. My total bill was $720.00. Accordingly, I am overpaid by $90.00 and am refunding $90.00 to Mr. Gaitanos. Pursuant to Rule 16, I believe you must reimburse Mr. Gaitanos in the sum of $270.00. You will then have paid the total amount of the arbitrator's compensation of $720.00.
By judgment entry filed September 8, 1997, the trial court found appellants had failed to pay the entire arbitration fee and were therefore in violation of Loc.R. 16:
 Based on the above, the Court finds that Appellant failed to comply with Rule 16, in that they only paid $450.00 of the required $720.00 fee for the Arbitrator within the thirty (30) day period following the filing of the arbitrator's award and report. Based on the evidence submitted, Appellants did not pay the full amount of appellee's share of the arbitrator's fee to Appellee, or anyone else for that matter.
Despite the arbitrator's opinion that appellants were required to pay their share of the arbitrator's fee and appellee's share of the fee, we find Loc.R. 16 to have been satisfied. Appellants paid appellee's share of the arbitrator's fee directly to the arbitrator within thirty days of the arbitrator's award. Based upon the language of the remand, the trial court erred in not hearing appellants' appeal.
The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00357
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is reversed and remanded to said court for hearing on appellants' appeal of the arbitration award.